## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CURTIS J. FRAHM | ) |
| 1896 W. 16th Avenue | ) |
| Friendship, WI 53934 | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA | ) |
| c/o Scott C. Glader, United States Attorney for | ) |
| the Western District of Wisconsin | ) |
| 222 W. Washington Avenue, Suite 700 | ) |
| Madison, WI 53703 | ) |
| | ) |
| *Defendant*. | ) |

COMES NOW Plaintiff, CURTIS J. FRAHM, by and through counsel, Martin Law Office, S.C., and brings this Complaint to set forth claims that Plaintiff asserts in this litigation against Defendant, UNITED STATES OF AMERICA.

Plaintiff alleges as follows:

1.      This is a claim for negligence arising out of injuries to Plaintiff, Curtis J. Frahm, and is brought against Defendant, United States of America, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq.

2.      Plaintiff, Curtis J. Frahm, presented his claims to the United States Department of Veterans Affairs and said department has failed to finally deny or make a final disposition of said claims within six months after filing of the same.

## PARTIES

3.       At the present time, Plaintiff, Curtis J. Frahm, is an adult citizen and resident of

the State of Wisconsin, Adams County, residing at 1896 W. 16th Avenue, Friendship, WI 53934;

4.       At all times material hereto, the negligent acts and omissions alleged herein were

committed by persons who were employees, agents and / or servants of, and acting within the

scope of their employment with, Defendant, United States of America, at William S. Middleton

Memorial Veterans Hospital in Madison, Wisconsin, a hospital owned and operated by

Defendant, United States of America; as such, Defendant, United States of America, is an

appropriate defendant pursuant to the Federal Tort Claims Act. 28 U.S.C. § 1346(b).

## JURISDICTION AND VENUE

5.       The negligence claims asserted herein are brought pursuant to the Federal Tort

Claims Act, 28 U.S.C. § 1346(b), and this Court has jurisdiction over the subject matter pursuant

to 28 U.S.C. §§ 1331 and 1346(b).

6.       Venue is proper in the Western District of Wisconsin under 28 U.S.C. § 1402(b)

as the acts and omissions that are the subject matter of this complaint occurred within the

Western District of Wisconsin in Dane County and Plaintiff resides within the Western District

of Wisconsin in Adams County.

## GENERAL ALLEGATIONS

### I.   CARDIAC STRESS TESTING

7.       A cardiac stress test is a cardiological test that measures the heart's ability to

respond to stress in a controlled clinical environment. During the test, the patient's heart is put

under stress by increasing the heart rate. Also during the test, the patient's heart rate, heart

rhythm, blood pressure and oxygen level are monitored. The increase in heart rate that results in

cardiac stress and monitoring can reveal abnormal blood flow to the coronary circulation of the patient's heart that may not otherwise appear when the patient is at rest.

8.      For purposes relevant hereto, the patient's heart rate is increased by either exercise or medication. The former is known as an exercise cardiac stress test and the latter is known as a pharmacologic cardiac stress test.

9.      During an exercise cardiac stress test, the patient's heart rate is increased by having him walk or run on a treadmill.

10.     During a pharmacologic cardiac stress test, the patient either reclines in a chair or lies down on a bed / table and a medication is injected into his vein that causes his heart rate to increase. A patient undergoes a pharmacologic cardiac stress test if he, because of medical reasons, is unable to walk or run on a treadmill or otherwise cannot sufficiently increase his heart rate with exercise.

11.     With either exercise or pharmacologic cardiac stress testing, the goal is to increase the patient's heart rate to 85% of his "maximum predicted heart rate" or until he becomes symptomatic (such as having chest pain) or until his heart rhythm indicates abnormal coronary circulation. The maximum predicted heart rate is determined by subtracting the patient's age from 220. For example, Plaintiff, Curtis J. Frahm, was 56-years old at the time of his cardiac stress test. Therefore, his maximum predicted heart rate was 164 beats per minute. As stated, the goal during a cardiac stress test is to achieve 85% of the maximum predicted heart rate, which, for Curtis J. Frahm, would be 139 beats per minute.

12.     One pharmacologic agent used during a pharmacologic cardiac stress test is Regadenoson, which also goes by the trade-name Lexiscan. The package insert for Regadenoson provides that it is "a pharmacologic stress agent indicated for radionuclide myocardial perfusion

imaging in patients unable to undergo adequate exercise stress." The package insert for Regadenoson also provides Warnings and Precautions, including that the medication can cause myocardial infarction, arrhythmias, cardiac arrest, hypotension, hypertension, bronchoconstriction, seizure and stroke. These Warnings and Precautions are the reason why the manufacturer of Regadenoson authored a patient handout, which provides that the patient will be "either lying down or sitting up in a chair" while being administered the medication.

13.     The reason a patient reclines in a chair or lies down on a bed / table during a pharmacologic cardiac stress test is because the medication used during the test can cause lightheadedness, dizziness and / or fainting. In other words, the medication used during a cardiac exercise stress test places a patient at risk for falling and injury.

## II.  PLAINTIFF'S, CURTIS J. FRAHM, CARDIAC STRESS TEST

14.     On December 31, 2015, Plaintiff, Curtis J. Frahm, underwent a cardiac stress test at the William S. Middleton Memorial Veterans Hospital in Madison, Wisconsin. The stress test was done as part of Mr. Frahm's pre-operative testing for a knee surgery.

15.     Present during the procedure were two technicians who, at this time, are only known by their last names, Clark and Happel, and a physician assistant, Courtney A. Loritz. At all times material hereto, Clark, Happel and Loritz were employees, agents and / or servants of, and acting within the scope of their employment with, Defendant, United States of America.

16.     At the beginning of the test, Clark, Happel and/or Loritz had Mr. Frahm walk on a treadmill. After approximately two-and-one-half minutes, Mr. Frahm's heart rate increased to 155 beats per minute.

17.     Once Mr. Frahm's heart rate was 155 beats per minute and while Mr. Frahm was still standing on the treadmill, Clark, Happel or Loritz injected Mr. Frahm with Regadenoson.

18.     Injecting Mr. Frahm with Regadenoson was below acceptable standards of care for two or more reasons. First, Mr. Frahm had already exceeded 85% of his maximum predicted heart rate and, therefore, there was no reason to inject a medication to further increase his heart rate. Second, Mr. Frahm was still standing on a treadmill and, therefore, was at risk for becoming lightheaded and falling when the Regadenoson was injected.

19.     Following the injection of the Regadenoson, Mr. Frahm became lightheaded and fell. As a result of the fall, Mr. Frahm lacerated his left torso and fractured and dislocated his tenth rib.

20.     The non-operative treatment for Mr. Frahm's injuries included medications. When the medications failed to resolve his pain, Mr. Frahm underwent an operative resection of his tenth rib. Despite this treatment, Mr. Frahm continues to have chronic pain that is treated medically and with psychologic counseling.

## COURT I: NEGLIGENCE

21.     Realleges and incorporates herein all allegations of the preceding paragraphs.

22.     Defendant, United States of America, through its agents, employees and/or servants, had a duty to provide care to Plaintiff, Curtis J. Frahm, at all times material hereto, including on December 31, 2015, which duty required Defendant, United States of America, through its agents, employees and/or servants, to use that degree of care, skill and judgment usually exercised by reasonable hospitals, its agents, employees and/or servants, in the same or similar circumstances.

23.     Defendant, United States of America, through its agents, employees and/or servants, was negligent in its care and treatment of Plaintiff, Curtis J. Frahm, at all times material hereto, including, but not limited to, on December 31, 2015, in that it failed to possess/exercise

that degree of care, skill and judgment usually exercised by a reasonable hospital, its agents, servants and employees, in that it, amongst other things, negligently administered Regadenoson after Plaintiff, Curtis J. Frahm, had already reached 85% of his maximum predicted heart rate through exercise; negligently administered Regadenoson while Plaintiff, Curtis J. Frahm, was standing; negligently administered the cardiac stress test to Plaintiff, Curtis J. Frahm; negligently monitored Plaintiff, Curtis J. Frahm, during the cardiac stress test; and was otherwise negligent.

24.     The negligence of the Defendant, United States of America, as alleged herein was a cause of the injuries sustained by Plaintiff, Curtis J. Frahm, including past and future pain, suffering, disability, disfigurement, emotional distress, mental anguish and loss of enjoyment of life; past and future medical expenses; and other compensable injuries and damages to be determined at the trial of this matter.

## COURT II: NEGLIGENT HIRING, TRAINING AND SUPERVISION

25.     Realleges and incorporates herein all allegations of the preceding paragraphs.

26.     Defendant, United States of America, its agents, servants and/or employees, were negligent in hiring, training and/or supervising its employees, including Clark, Happel and/or Loritz, in that the Defendant, United States of America, its agents, servants and/or employees, amongst other things, negligently failed to hire, train and/or supervise its employees relative to performing cardiac stress testing; monitoring patients during cardiac stress testing; administering Regadenoson; and was otherwise negligent.

27.     That the negligent hiring, training and/or supervision by the Defendant, United States of America, its agents, servants and/or employees, as alleged, was a direct and proximate cause of the causal negligence as alleged in Pars. 22 & 23, *supra*.

28.     The negligent hiring, training and/or supervision of the Defendant, United States of America, as alleged herein was a cause of the injuries sustained by Plaintiff, Curtis J. Frahm, including past and future pain, suffering, disability, disfigurement, emotional distress, mental anguish and loss of enjoyment of life; past and future medical expenses; and other compensable injuries and damages to be determined at the trial of this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Curtis J. Frahm, demand judgment against Defendant, United States of America, and request:

1.     Awarding compensatory damages;

2.     Awarding pre-judgment and post-judgment interest to Plaintiff;

3.     Awarding all statutory damages and relief;

4.     Awarding the costs and the expenses of this litigation to Plaintiff;

5.     Awarding reasonable attorneys' fees and costs to Plaintiff as provided by law;

6.     Granting all such other relief as the Court deems necessary, just and proper.

## DEMAND FOR TRIAL

Plaintiff, Curtis J. Frahm, demands a trial of all claims in this Complaint so triable.

Dated:  August 14, 2018                         /s/ Kevin R. Martin
                                                Kevin R. Martin
                                                Attorney Bar No. 1045748
                                                MARTIN LAW OFFICE, S.C.
                                                Attorneys for Plaintiff
                                                7280 S. 13th St., Ste. 102
                                                Oak Creek, WI 53154
                                                Telephone: (414) 856-2310
                                                Fax: (414) 856-2315
                                                Email: kevin@martin-law-office.com